IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEOPOLD MPAWINAYO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-01097 |
| | ) Judge Trauger |
| DARON HALL, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Leopold MPawinayo, a state pretrial detainee in the custody of the Davidson County Sheriff's Office (DCSO), has filed a pro se petition under 28 U.S.C. § 2241 for the writ of habeas corpus along with attached evidentiary exhibits and a supporting memorandum. (Doc. No. 1.) The petition challenges the legality of the petitioner's pretrial detention due to allegedly excessive bail and is properly filed pursuant to 28 U.S.C. § 2241, which authorizes a state pretrial detainee's challenge to his "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014) ("We have long recognized that pretrial detainees pursue habeas relief . . . under § 2241.") (quoting *Phillips v. Ct. of C.P., Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012)).

In addition to this challenge to the petitioner's bail amount (and related arguments that the denial of bail in an amount "he could afford to pay or post security for" violates the Fourteenth Amendment), the petition claims a denial of "the right to be heard by himself and effective assistance of counsel, the right to meet the witnesses face to face, prosecution by valid indictment or presentment, [and] a speedy public trial." (Doc. No. 1 at 6–7.) As relief, the petition requests

that the court "order either that the [charges] be dismissed or that trial commence immediately or that bond [be] set as low[ ] [as] petitioner can afford to pay," or that he be released on his own recognizance pending trial. (*Id.* at 7; *see also* Doc. No. 1 at 38 (requesting bond reduction or release on his own recognizance).)

By order entered January 26, 2021, the court directed the respondents, Davidson County Sheriff Daron Hall and Tennessee Attorney General Herbert H. Slatery, III, to respond to the petition. (Doc. No. 4.) Attorney General Slatery responded by filing a motion to dismiss the petition against him, on grounds that "the only proper respondent to the action is the petitioner's immediate custodian, Sheriff Hall." (Doc. No. 6 at 3.) Sheriff Hall responded to the petition by seeking dismissal because the petitioner has not exhausted his available state court remedies, inasmuch as he has not filed "a motion for review of the trial court's denial of his request to reduce bail in the Tennessee Court of Criminal Appeals." (Doc. No. 8 at 4.) The petitioner filed responses to the positions taken by both respondents. (Doc. Nos. 11, 12.)

On April 21, 2021, the petitioner filed a "Motion for Temporary Restraining Order or Temporary Injunction" (Doc. No. 13), asking the court to order his release from DCSO custody due to concerns with quarantine procedures in response to COVID-19 infections within the facility. Sheriff Hall responded to this motion on April 29, 2021 (Doc. No. 14), urging its denial on multiple grounds. The petitioner filed a reply brief on May 11, 2021, objecting to the accusations and arguments in Sheriff Hall's response. (Doc. No. 15.)

## II. ANALYSIS OF THE PETITION

### A. Proper Respondent

The petitioner claims that both respondents are properly named in this action, arguing that Attorney General Slatery is a proper respondent because he is the state official required to defend

2

the constitutional rights of all Tennesseans and has issued opinions affirming that bail is mandatory under the state constitution, except in capital cases. (Doc. No. 11 at 1.) But "a habeas petitioner challenging his present physical custody within the United States" must name as respondent his "immediate custodian," *Rumsfeld v. Padilla*, 542 U.S. 426, 449–50 (2004), and "the Attorney General . . . is the state's lawyer, not the prisoner's custodian." *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). While there are limited circumstances in which a petitioner challenging his conviction under 28 U.S.C. § 2254 is to name as respondent the state attorney general or other appropriate state official besides the prison warden, "Congress has made no such provision for § 2241 petitioners[.]" *Padilla*, 542 U.S. at 450 n.18 (citing Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Advisory Committee's Note on Rule 2(a), 28 U.S.C., pp. 469–470 (adopted in 1976)). Indeed, Section 2242 requires that an "[a]pplication for a writ of habeas corpus shall . . . allege the facts concerning the applicant's commitment or detention [and] the name of the person who has custody over him[.]" 28 U.S.C. § 2242. The motion to dismiss Attorney General Slatery as a party to this Section 2241 action (Doc. No. 6) is thus well taken and will be granted.

**B. Exhaustion**

Regarding the petitioner's pursuit of a remedy in state court for the amount of his bail, it appears that he filed two motions for reduction in the Davidson County Criminal Court, both of which were denied. (Doc. No. 1 at 34–36; *see also* Doc. No. 10-1, Criminal Case Summary.) In response to Sheriff Hall's exhaustion argument, the petitioner does not claim to have appealed these denials but asserts that this court should nonetheless proceed to the merits of his excessive-bail claim. (Doc. No. 12.)

3

However, for a federal court to reach the merits of a habeas petition, the petitioner must have properly exhausted by presenting "every claim in the federal petition to each level of the state courts, including the highest state court to which the petitioner is entitled to appeal." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999)). While the protection against excessive bail is one of the few rights that may be vindicated under Section 2241 by a state detainee prior to trial, and one that "must be defended immediately if it is to be protected at all," such a claim must be exhausted in the courts of the state before it may be adjudicated by a federal habeas court, in order to "avoid[ ] the concerns militating against piecemeal appeal or federal interference in state criminal proceedings." *Atkins v. People of State of Mich.*, 644 F.2d 543, 549–550 (6th Cir. 1981).

Because the petitioner has not appealed the state trial court's denial of his bail reduction motions—despite his right to file a motion for review of such denial in the Tennessee Court of Criminal Appeals "at any time before an appeal of any conviction," Tenn. R. App. P. 8(a)—he has failed to properly exhaust his excessive-bail claim, and this court must therefore decline to address its merits. *See Stack v. Boyle*, 342 U.S. 1, 6–7 (1951) ("In this case, however, petitioners did not take an appeal from the order of the District Court denying their motion for reduction of bail. Instead, they presented their claims under the Eighth Amendment in applications for writs of habeas corpus. While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (internal citations omitted); *Hairston v. Franklin Cty. Ct. of Common Pleas*, No. 2:17-CV-00353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017), *report and recommendation adopted*, No. 2:17-CV-00353, 2017 WL 2972151 (S.D. Ohio July 12, 2017) ("[E]ven though a state petitioner who alleges

4

excessive bail is not required to wait for a final judgment on the merits in state court, he must still exhaust all of his state court remedies before federal habeas intervention is warranted."). Also, to the extent that the petitioner's mere reference to his right to a speedy trial supports a claim to pretrial habeas relief under Section 2241,[1] the petition does not indicate any efforts to exhaust available state remedies for that claim. The petition will be dismissed without prejudice so that the petitioner may exhaust his state court remedies.

### III. MOTION FOR INJUNCTIVE RELIEF

The petitioner seeks injunctive relief based on the fact that his cellmate tested positive for COVID-19 on April 17, 2021. (Doc. No. 13 at 1.) He claims that, although there are testing and quarantine procedures in place at the DCSO facility, new arrestees are moved into inmate housing without first being tested or quarantined. (*Id.*) The petitioner was recently exposed to new arrestees after testing negative and returning from quarantine to his housing unit, and he filed his motion seeking a "temporary injunction for petitioner['s] release from custody" after his cellmate tested positive and was removed from the housing unit to quarantine. (*Id.*) His motion bears an electronic signature and was purportedly served on respondents' counsel by email. (*Id.* at 2.)

In response, Sheriff Hall objects to the motion's electronic signature and the fact that it was filed in this habeas case despite seeking relief based on the conditions of the petitioner's confinement. He also argues that the balance of factors informing the court's consideration of motions for preliminary injunctive relief require its denial. (Doc. No. 14.)

---

[1] While a state detainee's speedy trial claim is subject to review under Section 2241, claims based on "the right to be heard by himself and effective assistance of counsel, the right to meet the witnesses face to face, [and] prosecution by valid indictment or presentment" (Doc. No. 1 at 6) are not. Such claims fall within the rule that federal courts generally abstain from intervening in pending state proceedings to address issues that "may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546.

As an initial matter, Sheriff Hall correctly notes that the electronic signature (the petitioner's typed name following the prefix "/s/") used on the motion for injunctive relief and two earlier filings does not comply with the requirements of the Local Rules or the Federal Rules of Civil Procedure. Unless a litigant is a registered user of the court's electronic filing system,[2] typed signatures are not acceptable substitutes for handwritten ones. Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). This Court's Local Rule 7.03(a) provides that "[a]ll pleadings must be signed as required by Fed. R. Civ. P. Rule 11, and names must be typed or printed beneath all signature lines." M.D. Tenn. R. 7.03(a). The motion is therefore subject to being stricken for failure to comply with the signature requirement.

Even if the motion were signed, the court would decline to award relief, though not on grounds that a claim related to the petitioner's conditions of confinement cannot be raised in a Section 2241 proceeding. That argument was rejected in *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020), which held that a challenge to COVID-19 response procedures was proper under Section 2241 where, as here, "petitioners [sought] release from confinement, 'the heart of habeas corpus[.]'" *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). However, to the extent that the motion may be construed as an attempt to supplement his habeas petition, the petitioner's failure to "allege that he has sought relief from the trial court for the claim[ ] he presents here concerning COVID-19, or otherwise exhausted his available state court remedies," would require its dismissal. *Sanchez v. Greene*, No. 4:20 CV 882, 2020 WL 4558438, at *2 (N.D. Ohio June 9, 2020) (citing cases that dismissed on exhaustion grounds § 2241 petitions seeking relief from COVID-19 exposure).

---

[2] *See* Fed. R. Civ. P. 5(d)(3)(C) ("A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature.").

Inasmuch as the motion explicitly appeals to "Rule 65.04 of the Tennessee Rules of Civil [P]rocedure" (Doc. No. 13 at 1) rather than rules or laws governing habeas corpus, the court will consider the request for an injunction under Federal Rule of Civil Procedure 65, which governs this court's general authority to grant such relief. "Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Ciavone v. McKee*, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). Although the purpose of such relief is generally to preserve the status quo between the parties, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury[.]" *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted). But "[w]here a preliminary injunction is mandatory—that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act . . . the requested relief should be denied unless the facts and law clearly favor the moving party." *Glauser-Nagy v. Med. Mut. of Ohio*, 987 F. Supp. 1002, 1011 (N.D. Ohio 1997) (citing cases).

In determining whether to issue a temporary or preliminary injunctive order under Rule 65, a district court must consider the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Wilson*, 961 F.3d at 836 (quoting *Am. Civil Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015)); *see Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (noting that the same four factors apply regardless of whether the injunctive relief sought is a temporary restraining

order or a preliminary injunction). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (internal quotations omitted).

Under controlling Sixth Circuit authority, the movant's "initial burden" and "often . . . the determinative factor" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his action. *Wilson*, 961 F.3d at 837 (quoting *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689 (6th Cir. 2014)); *NAACP v. City of Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). As discussed above, the merits of the claim that the petitioner is being held in pretrial detention without reasonable bail cannot be considered in this court until that claim is properly exhausted. In addition, while the petitioner's motion references his due process right as a pretrial detainee not to be punished, this bare reference to due process does not constitute a claim that can be analyzed for likelihood of success on the merits, nor does the motion attribute punitive motives or consequences to the actions of a jail staff that, in managing the risk posed to its inmates by COVID-19, has apparently tested and twice quarantined the petitioner. (*See* Doc. No. 13 at 1); *Cameron v. Bouchard*, 815 F. App'x 978, 986 (6th Cir. 2020) ("[T]hat Defendants quarantine any inmate exposed to COVID-19 is strong evidence that they are responding reasonably to the risk posed by the virus."). Accordingly, the court cannot find that the petitioner has carried his initial burden of showing a strong or substantial likelihood of success on the merits of any constitutional claim.

Concerning whether relief is necessary to prevent irreparable harm, the petitioner seeks his release in order to avoid exposure to COVID-19. But by his own admission, the DCSO takes measures to test its inmates for the virus and to quarantine them where necessary. Moreover, although anyone infected with the virus is at some risk of irreparable injury, the petitioner has not

8

Case 3:20-cv-01097   Document 16   Filed 05/18/21   Page 8 of 10 PageID #: 136

alleged grounds for believing that he is at significant risk of suffering irreparable injury if he is not released from custody, as he has not alleged that he suffers from underlying health conditions or is otherwise at heightened risk of a negative outcome should he contract the virus. Injunctive relief should not be granted where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003).

Third, the release of a detainee in this situation could cause substantial harm to the DCSO, in that it would remove from DCSO officials the deference that they are generally afforded in their administration of the jail and control of its response to the COVID-19 virus. Decisions concerning the administration of prisons are vested in prison officials in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive. *See Griffin v. Berghuis*, 563 F. App'x 411, 417–18 (6th Cir. 2014) (citing *Turner v. Safley*, 482 U.S. 78, 82 (1987)). Balanced against the lack of a substantial likelihood of success on the merits or a significant risk of irreparable injury, federal court intrusion into local jail administration to the extent of ordering the petitioner's release due to COVID-19 concerns would unduly disrupt the DCSO's management of the COVID-19 threat to its inmate population at large.

Finally, as to the public-interest factor, if the court granted the petitioner's motion it would release from confinement an individual accused of multiple violent felonies, including aggravated kidnapping and aggravated rape. (*See* Doc. No. 10-1.) The court finds that the public interest would not be served by such an outcome.

For all these reasons, the court finds that the petitioner is not entitled to the injunctive relief he seeks. His motion for such relief (Doc. No. 13) will be denied.

## IV. CONCLUSION

In sum, as explained above:

(1) Attorney General Slatery's motion to dismiss (Doc. No. 6) is **GRANTED** and he is **DISMISSED** as a party to this action;

(2) the petitioner's motion for injunctive relief is **DENIED** without prejudice to renewal in a separate, signed petition if warranted by future circumstances; and

(3) this habeas action against the remaining respondent, Sheriff Hall, is **DISMISSED** without prejudice for failure to exhaust state court remedies.

Because reasonable jurists could not disagree that the petitioner failed to exhaust his available remedies in the Tennessee courts, this court **DENIES** a certificate of appealability. *See Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020). For the same reason, the court finds that any appeal from this order would not be in good faith under 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge